# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| BANC OF AMERICA LEASING & CAPITAL, LLC, | |
| Plaintiff, | No. 09-CV-124-LRR |
| vs. | **ORDER** |
| WINDERMERE WEST VALLEY PARTNERS, LLC; SOUTHERN DEVCO, LLC; WALTER L. TRACE; and DAVID N. SPEERS, | |
| Defendants. | |

_____

## I.  INTRODUCTION

The matters before the court are: (1) the "Motion to Dismiss or in the Alternative Transfer to the District of Arizona" ("Motion") (docket no. 5), filed by Defendants Windermere West Valley Partners, LLC, Southern Devco, LLC, Walter L. Trace and David N. Speers (collectively, "Defendants") and (2) the parties' "Stipulated Withdrawal of Defendant's Motion to Dismiss and Joint Consent to Transfer of Venue" ("Stipulation") (docket no. 12).

## II.  PROCEDURAL BACKGROUND

On June 11, 2009, Plaintiff Banc of America Leasing & Capital, LLC filed a "Petition at Law" ("Petition") (docket no. 3) against Defendants in the Iowa District Court for Linn County, case no. LACV65899.  On August 24, 2009, Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441.  On August 25, 2009, Defendants filed the Motion.  In the Motion, Defendants ask the court to dismiss the instant action for lack of personal jurisdiction.  In the alternative, Defendants ask the court to transfer venue to the United States District Court for the District of Arizona pursuant

to 28 U.S.C. § 1404(a).

Plaintiff does not resist to the Motion. Instead, the parties filed the joint Stipulation. In the Stipulation, Defendants agree to withdraw the Motion and Plaintiff consents to the entry of an order transferring venue in the instant action to the United States District Court for the District of Arizona, pursuant to 28 U.S.C.§ 1404(a). The Stipulation also states that "[a]ll of the parties agree and consent to the exercise of both personal jurisdiction and venue in [the District of Arizona]." Stipulation at 2.

## III. ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Typically, "[t]he party moving to transfer a case pursuant to [§]1404(a) bears the burden of establishing that the transfer is warranted." *CRST Van Expedited, Inc. v. J.B. Hunt Transp., Inc.*, No. 04-CV-79-LRR, 2005 WL 741911, *7 (N.D. Iowa March 31, 2005) (Reade, J.) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997)). Furthermore, § 1404(a) "does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there." *Id.* (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)). "Section 1404(a) only authorizes the transfer of an entire action, not individual claims." *Chrysler Credit Corp.v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "Rather, [§] 1404(a) 'contemplates a plenary transfer' of the case." *CRST Van Expedited*, 2005 WL 741911 at *7 (quoting *In re Flight Transp. Corp. Sec. Litig.*, 764 F.2d 515, 516 (8th Cir. 1985)).

Section 1404(a), which governs transfers of venue, requires courts to consider "three general categories . . . when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc.*, 119 F.3d at 691. The court finds that the relevant considerations under Section

1404(a) support a transfer of venue to the District of Arizona. None of the parties appear to have a significant connection to the Northern District of Iowa, or the State of Iowa more generally. Rather, all Defendants except Speers reside in Arizona and Plaintiff is a Delaware corporation with an office in Troy, Michigan. The equipment that is the subject of the lease agreement at issue in this case is located in Arizona. Further, although "Plaintiff's choice of venue is normally afforded great weight[,] . . . Plaintiff's consent to transfer [venue in this case] mitigates against this concern." *Jackson v. Wal-Mart Stores, Inc.*, No. 08-5270, 2009 WL 734117, at *2 (W.D. Ark. March 17, 2009). In sum, the convenience of the parties and the interests of justice weigh in favor of a transfer of venue to the District of Arizona.

The court also finds that venue in this case is proper in the District of Arizona. Venue in diversity cases such as this is governed by 28 U.S.C. § 1391, which provides, in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may [...] be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391. The court finds that venue is proper in the District of Arizona because "a substantial part of the events or omissions giving rise to the claim occurred" in that District. 28 U.S.C. § 1391(a)(2). The contract that forms the basis of the parties' dispute was a lease agreement under which Defendants leased certain equipment from Plaintiff's assignor. The leased equipment was used by Defendants in the District of Arizona. Plaintiff's claims are based upon Defendants' alleged failure to make required payments

while the leased equipment and Defendants were in the District of Arizona. Further, with the exception of David Speers, all Defendants reside in the District of Arizona. In sum, the court finds that a substantial part of the events or omissions that gave rise to Plaintiff's claims occurred in the District of Arizona. Accordingly, venue is proper in the District of Arizona.

For the foregoing reasons, in addition to those raised in the Motion and Stipulation, the court shall transfer venue in the instant action to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a). Accordingly, the court shall deny the Motion as moot.

## IV. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED**:

(1)     The Motion (docket no. 5) is **DENIED AS MOOT**; and

(2)     **THIS ACTION SHALL BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**.

**IT IS SO ORDERED.**

**DATED** this 10th day of November, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA