**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Banc of America Leasing & Capital, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Windermere West Valley Partners, LLC;<br>Southern Devco, LLC; Walter L. Trace;<br>David N. Speers,<br><br>Defendants. | No. CV 09-2362-PHX-JAT<br><br>**ORDER** |

On December 11, 2009, the Court issued the following order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of an LLC).
> Accordingly,
> **IT IS ORDERED** that by December 30, 2009, Defendants (as the parties asserting jurisdiction and therefore, with the burden of pleading jurisdiction, *see Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)) shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.[1]

---

[1] The amended notice of removal must contain all jurisdictional allegations sufficient to plead jurisdiction in one document and should not anticipate that the Court will read any previous filings to assess jurisdiction. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005); *Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004).

**IT IS FURTHER ORDERED** that Defendants are cautioned that they will be given one opportunity to amend to cure the jurisdictional defects. The Court will not issue additional sua sponte show cause orders to assist Defendants in pleading jurisdiction.[2] Therefore, if the amended notice of removal fails to plead federal subject matter jurisdiction, this case will be remanded without the Court sua sponte granting Defendants any further opportunities to amend.

Doc. #26.

Eventually, Defendants filed an amended notice of removal and continued to allege that subject matter jurisdiction in this case is based on diversity. Doc. #30. However, three of the parties to this case are limited liability companies. As *Johnson* and *Belleville Catering* both make clear, a limited liability company is a citizen of every state in which one of its members is a citizen.

In the amended notice of removal (Doc. #30), Defendants fail to allege the membership of any of the limited liability companies. Defendants also fail to allege the citizenship of all of the members. Accordingly, Defendants have failed to allege diversity of citizenship. As a result,

**IT IS ORDERED** remanding this case to the state court of Iowa (specifically the Iowa District Court for Linn County) for lack of federal subject matter jurisdiction.

DATED this 8th day of January, 2010.

_____
James A. Teilborg
United States District Judge

---

[2] The Court should not give a party advice because advice would undermine a district judge's role as an impartial decision maker. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).